Doc # 2018004493

#801403
Erick Brice

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

ERIC C. BRICE
Application: █████865 / DLH █████7005

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# MORTGAGE
## (Direct)

This mortgage made and entered into this **15th** day of **February, 2018**, by and between **ERIC C BRICE, WHO ACQUIRED TITLE AS ERICK C BRICE, A SINGLE MAN, AND LAURA D BRICE, A SINGLE WOMAN, PO BOX 3462, FREDERIKSTED, VI 00841** (hereinafter referred to as mortgagor) and the Administrator of the U.S. Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the Island of **SAINT CROIX**, U. S. Virgin Islands:

**Described in Exhibit "A" attached hereto and made a part hereof.**

It is hereby agreed between the parties hereto, that if the mortgagor, subsequent to the date of this mortgage, conveys, contracts, or attempts to sell the above described mortgaged property in any way or manner whatsoever, while said property is mortgaged to the mortgagee, and without the written consent of the mortgagee, then and in such event the whole sum of principal and interest of the debt secured by this mortgage shall, at the option of the mortgagee, become immediately due and payable, and this mortgage may be foreclosed at once if said debt is not paid in full.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

Page 1

3865 / DLH ▓7005

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor hereincontained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated **February 15, 2018** in the principal sum of **$121,700.00** and maturing on **February 15, 2048**, signed by or on behalf of **ERIC C. BRICE**.

1. The mortgagor covenants and agrees as follows:

    *a.* He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

    *b.* He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

    *c.* He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

    *d.* For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

    *e.* The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

    *f.* He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give


3865 / DLH    7005

immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

    g. He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

    h. He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee; and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

    i. He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

    j. All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

    k. The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2. Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits. This instrument shall operate as an assignment of any rentals on said property to that extent.

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

    (I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

Page 3


865 / DLH ████ 005

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7. The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

Page 4

865 / DLH 005

8. No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.106 of the Rules and Regulations of the U.S. Small Business Administration [13 C.F.R. 101.106], this instrument is to be construed and enforced in accordance with applicable Federal law. This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a deficiency judgement after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at **PO BOX 3462, FREDERIKSTED, VI 00841** and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

Page 5

▮▮▮3865 / DLH ▮▮▮7005

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

**WITNESSES:**

_____
Witness Signature

_Eleanor F. Roseline_
Witness Printed Name

_____
Witness Signature

_Virginia Fontain_
Witness Printed Name

TERRITORY OF THE VIRGIN ISLANDS  )
JUDICIAL DIVISION OF _____  )

The foregoing instrument was acknowledged before me this _13th_ day of _11/01/2018_, 20____, by ERIC C. BRICE, INDIVIDUALLY and LAURA BRICE, INDIVIDUALLY

_____
Notary Public

My Commission Expires: _2/20/2019_

ELEANOR FRASER ROSELINE
A NOTARY PUBLIC OF
ST. CROIX USVI
MY COMMISSION EXPIRES
FEBRUARY 20, 2019
NP-20-15

**Individual Execution:**

_Eric Brice_
ERIC C. BRICE, INDIVIDUALLY

**Individual Execution:**

_____
LAURA BRICE, INDIVIDUALLY

Doc # 2018004493
Book: 1523
Page: 197
Filed & Recorded
11/14/2018 12:34 PM
C. PORTIA PIERRE
RECORDER OF DEEDS
ST CROIX
RECORDING FEE    $0.00
PER PAGE FEE     $0.00

_C. Portia Pierre_
Recorder

Page 6

3865 / DLH ▇7005

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF FREDERIKSTED, COUNTY OF SAINT CROIX, TERRITORY OF THE U.S. VIRGIN ISLANDS, AND IS DESCRIBED AS FOLLOWS:

PLOT NO. 9-Q WHIM ESTATES, WEST END QUARTER, ST. CROIX, VIRGIN ISLANDS, U.S.A., CONSISTING OF 0.260 U.S. ACRE, ALL AS SHOWN AND DESCRIBED ON P.W.D. DRAWING NO. 1686, DATED DECEMBER 5TH, 1964 AND WHICH IS BY REFERENCE MADE, A PART HEREOF

More commonly known as: **9Q ESTATE WHIM, FREDERIKSTED, VI 00840**

```
Doc # 2018004493
Book: 1523
Page: 197
Filed & Recorded
11/14/2018 12:34 PM
C. PORTIA PIERRE
RECORDER OF DEEDS
ST CROIX
RECORDING FEE        $0.00
PER PAGE FEE         $0.00
```

*C. Portia Pierre*
Recorder

Page 7

```
                                                          Doc # 2018004493
                                                          Book: 1523
                                                          Page: 197
                          C. Portia Pierre                Filed & Recorded
                                Recorder                  11/14/2018 12:34 PM
Borrower: ERIC C. BRICE                                   C. PORTIA PIERRE
                                                          RECORDER OF DEEDS
Loan No.: DLH 1900357005                                  ST CROIX
                                                          RECORDING FEE    $0.00
                                                          PER PAGE FEE     $0.00
```

## WAIVER OF RIGHT TO FILE AN APPLICATION

I(We) **LAURA BRICE**, with intent to be legally bound, declare that I(We) am an(are) owner(s) of the real and/or personal property located at: **9Q ESTATE WHIM, FREDERIKSTED, VI 00840**. I(We) hereby waive all rights which I(We) may have to file an application for a Disaster Loan from the U.S. Small Business Administration, or receive such a loan in my(our) name(s), to repair or replace the above described property as the result of damage caused by the **HURRICANE MARIA** disaster.

Dated: **February 15, 2018**

STATE OF **CT**
COUNTY OF **HARTFORD** ) ss.

I, **Michelle Dukes-Beach**, a Notary Public in and for said County and State, do hereby certify that **LAURA BRICE** personally appeared before me this day and acknowledged that they signed, delivered and executed the foregoing instrument. Witness my hand and notarial seal this the

**26th** day of **February**, 20**18**.

Notary Public
My Commission Expires: **10/31/2020**

Individual Execution:

X _____
LAURA BRICE, INDIVIDUALLY

MICHELLE DUKES-BEACH
NOTARY PUBLIC
MY COMMISSION EXPIRES OCT. 31, 2020