# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

    **v.**

**ERICK BRICE,**
**LAURA BRICE,**

          **Defendants.**
_____

1:22-cv-00002-WAL-EAH

**TO:**    Kimberly L. Cole, Esq. AUSA

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application for Entry of Default and Supporting Memorandum (Dkt. Nos. 3, 4).[1]

Plaintiff commenced this action for debt and foreclosure of mortgage against Defendants Erick Brice and Laura Brice on January 7, 2022. Dkt. No. 1. On March 28, 2022, Plaintiff filed certified mail receipts of service of the summons and complaint. Dkt. No. 2. Defendant Erick Brice signed both certified mail receipts (for himself and Laura Brice), and a post office receipt showed that the items were picked up on March 24, 2022. Dkt. No. 2-1. No proof of service was filed on the docket.

On May 2, 2022, Plaintiff filed an application for entry of default. Dkt. Nos. 3, 4. In its memorandum in support, counsel states that, on March 16, 2022, notices of lawsuit and request for waiver of service of summons were mailed to Defendants, who were required to sign and return the waiver within 30 days from March 16. Dkt. No. 4 at 1. Defendant Erick

---

[1] The filing is improperly entitled "Motion for Entry of Default." Dkt. No. 3.

*United States v. Brice*
1:22-cv-00002-WAL-EAH
Order
Page 2

Brice signed the PS Form 3811 (the certified mail receipts), indicating that he and Laura Brice received the summons and complaint, but they did not sign and return the waiver of service. *Id.* Because the Defendants were "personally served with the Summons and Complaint, and they have failed to file an answer or otherwise respond within the time permitted," they were not infants or incompetent, and Erick Brice was not in the military service, Plaintiff requested that default be entered against the Defendants. *Id.* at 2.

Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may enter default only against a party who has been properly served. *See United States v. One Toshiba Color Television,* 213 F.3d 147, 156 (3d Cir. 2000); *see also* 10A Charles Alan Wright, *et al., Fed. Practice & Procedure* § 2682 (3d ed. 2008); *Anderson v. Mercer Cnty. Sheriff's Dept.*, 2013 WL 5703615 at *3 (D.N.J. Oct. 17, 2013) ("The entry of default 'when there has been no proper service of the complaint is *a fortiori* void, and should be set aside.'" (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F. 2d 14, 19 (3d Cir. 1985)).

Service of a summons and complaint on an individual is set out in Fed. R. Civ. P. 4(e):

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>     (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>         (2) doing any of the following:
>             (A) delivering a copy of the summons and of the complaint to the individual personally;

*United States v. Brice*
1:22-cv-00002-WAL-EAH
Order
Page 3

          (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
          (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e); *see also* VI R. Civ. P. 4, 4(e)(4) (providing for service of individual in another manner approved by order of the court upon certain showings).

No proof of service was filed in this case. If, as it appears, Plaintiff served the summons and complaint by certified mail, that is insufficient service under both Fed. R. Civ. P. 4, as well as VI R. Civ. P. 4, and Plaintiff made no showing that service in another manner was approved by the court.

Accordingly, it is hereby **ORDERED** that the application for entry of default, Dkt. No. 3, is **DENIED** without prejudice.

                                            ENTER:

Dated: August 9, 2022                          /s/ Emile A. Henderson III
                                                        EMILE A. HENDERSON III
                                                        U.S. MAGISTRATE JUDGE